## DE POMPEI v. UNITED STATES.
### No. 7299.

Circuit Court of Appeals, Sixth Circuit.

Dec. 8, 1937.

Howell Leuck, of Cleveland, Ohio, for appellant.

Everett L. Foote, of Cleveland, Ohio (E. B. Freed, of Cleveland, Ohio, on the brief), for the United States.

Before HICKS and SIMONS, Circuit Judges, and NEVIN, District Judge.

HICKS, Circuit Judge.

Appellee filed a "Libel of Information and Forfeiture" seeking the condemnation and forfeiture of 268 barrels of wine. The libel alleges that appellant, Attilio De Pompei, the owner of the wine, evaded and attempted to evade the payment of taxes imposed on the wine by section 442, U.S.C. [now section 1300(a) (1), tit. 26 U.S.C.A.]; and further that he evaded and attempted to evade the requirements of section 452, U.S.C. [now section 1300(b) (1) and section 1306, Tit. 26 U.S.C.A.], by procuring, manufacturing, and storing the wine subject to tax without first filing notice describing the premises upon which it was produced and stored, and without first executing and filing proper bond and making such inventories under oath as required by law and obtaining approval by the Government of the premises where the wine was produced, received, and stored, and without first obtaining approval of bond and receiving authority from the Government for that purpose.

Whatever authority appellee has to prosecute an information in libel for the forfeiture of appellant's wine must be found in section 454 (now section 1309) Tit. 26 U.S.C.A. Appellant demurred to the libel upon the ground that it stated no cause of action under it. His point was that the libel did not allege that he had been convicted for commission of the crime denounced in the section. The demurrer was overruled, the case was tried without a jury, and the court decreed a forfeiture of the wine.

In considering the demurrer it must be kept in mind that we are dealing with the particular provisions of section 1309. In so far as it is relevant the section reads:

"Whoever evades or attempts to evade any tax imposed by sections 1300 or 1301, or any requirement of this subchapter, or regulation issued pursuant thereto" (section 1306) "...... shall, *on conviction*, be punished for each such offense by a fine not exceeding $5000.00, or imprisonment for not more than five years, or both, *and in addition thereto* by a penalty of double the tax evaded, or attempted to be evaded, to be assessed and collected in the same manner as taxes are assessed and collected, *and all wines, spirits, liqueurs, cordials, or similar compounds as to which such violation occurs shall be forfeited to the United States.*" (Italics ours.)

Appellee bases its claim of right to forfeiture upon the final clause of the statute which we have italicized, but it is manifest that there can be no forfeiture of any wines except such "as to which such violation occurs." Appellee, however, insists that the words "such violation" referred solely to the evasion or attempt to evade the tax imposed by sections 1300(a) (1) and 1300(b) (1) and 1306, without reference to the provisions of section 1309, which denounces such evasions as a crime.

But in determining what is meant by the phrase "as to which such violation occurs," we are not permitted to disregard the criminal characteristics of the statute. They must be considered and upon their consideration we are of the opinion that the phrase "as to which such violation occurs" has reference to evasion or attempted evasion not in the general sense and meaning of these terms but to a violation established by a conviction upon an indictment. Upon such conviction the punishment is fixed and the additional penalty of double taxes is assessed, and we think it naturally follows that it is upon such conviction that the wines in connection with which the offense occurs, are to be forfeited. Such seems to be the meaning of the language used when considered in its relationship to the remainder of the section.

It may be conceded that our interpretation is not exclusive of others that might be adopted, but we think it is a reasonable one when applied to the statute here involved. We recognize that Congress may, and in many instances has, for the protection of the Government against frauds upon its revenue, authorized it to proceed in rem against the property of the owner without regard to his own criminal responsibility, but we are content to say that it does not plainly appear to have done so here.

Our conclusion is that the demurrer was erroneously overruled, and the judgment is therefore reversed, with directions to sustain the demurrer and dismiss the libel.